UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK T. ETTING,

    Plaintiff,

v.                                                      CASE NO. 6:07-cv-1631-Orl-19GJK

FLORIDA, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## ORDER

Plaintiff filed a proposed "Order to Cause For Injunction A Temporary Restraining Order," which the Court construes to be a Motion for Temporary Restraining Order or Preliminary Injunction (Doc. No. 23, filed May 21, 2008).  In the motion, Plaintiff requests this Court to enjoin Defendants from "relocating or placing [him] in confinement to hinder [him] from fair and legal access to law library. . . ."  (Doc. No. 23 at 1, 4.)

The Eleventh Circuit has fashioned a four factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted).  "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until

a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rules 4.05 and 4.06 of the Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue.

In this case, Plaintiff has neither complied with the applicable rules nor convinced the Court that there is a substantial likelihood that he will prevail on the merits. Plaintiff has also failed to show that there exists a substantial threat that he will suffer irreparable injury if the mandatory restraining order (or mandatory injunction), whether temporary or preliminary, is not granted. Therefore, Plaintiff's motion for injunctive relief (Docket Number 23) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this __21st__ day of May, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 5/21
Mark T. Etting